ORIGINAL

# In the United States Court of Federal Claims

No. 16-857C
(Filed July 26, 2016)
NOT FOR PUBLICATION

FILED
JUL 2 6 2016
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
                                    *
EDDIE McFADDEN,                     *
                                    *
            Plaintiff,              *
     v.                             *
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant.              *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

On July 21, 2016, plaintiff Eddie McFadden filed a one page complaint. In it, Mr. McFadden appears to seek recovery under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680, for damage to "his right eye and visual acuity . . . as a result of a failed cataract surgery at the Dorn VAMC, Columbia, SC." Compl. at 1. Mister McFadden attached to his complaint a copy of a letter he received from the U.S. Department of Veterans Affairs administratively denying his claim and noting that, under 28 U.S.C. § 2401(b), he could bring a claim in a federal district court within six months of the administrative denial of his claim. Compl., Ex. 1.

Subject-matter jurisdiction can be challenged by the parties at any time, or by the court itself. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). When a court undertakes this determination, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." *Folden*, 379 F.3d at 1354.

Plaintiff seems to be confused about the subject-matter jurisdiction of our court. Mister McFadden is bringing a tort claim under the FTCA. Only district courts have jurisdiction to hear these claims. *See* 28 U.S.C. § 1346(b)(1). The U.S. Court of Federal Claims is not a district court. *Ledford v. United States*, 297 F.3d

1378, 1382 (Fed. Cir. 2002). While our court and district courts have some overlapping jurisdiction, *see* 28 U.S.C. § 1346(a), Congress has expressly placed tort claims outside our jurisdiction, *see* 28 U.S.C. § 1491. Thus, this Court lacks subject-matter jurisdiction over plaintiff's claim based on the FTCA, which should instead be brought in the United States District Court for the District of South Carolina.†

This case is accordingly **DISMISSED**, under RCFC 12(h)(3), for lack of subject-matter jurisdiction. The Clerk's office shall close the case. In light of Mr. McFadden's confusion regarding the scope of our court's jurisdiction, and taking into consideration the minimal diversion of court resources entailed by this matter, the Court waives Mr. McFadden's filing fee.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Judge

---

† Should Mr. McFadden chose to file a complaint in the appropriate district court, plaintiff should remember to sign his complaint, as he signed his in forma pauperis form. *See* Rule 11(a) of the Federal Rules of Civil Procedure ("Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented.").